1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  SCOTT JOHNSON,                    Case No.18-cv-00391-HRL
8              Plaintiff,
9       v.                           **ORDER ON DEFENDANTS' MOTION TO DISMISS**
10 SELVI-VIDOVICH LIMITED             Re: Dkt. No. 10
   PARTNERSHIP, et al.,
11             Defendants.

Plaintiff Scott Johnson ("Johnson") sues Defendants Selvi-Vidovich Limited Partnership and John T. Vidovich ("Defendants") for violations of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"). Defendants move to dismiss the complaint. Dkt. No. 10. Having considered the papers, the Court finds this matter suitable for decision without oral argument. Civil L.R. 7-1(b). For the reasons explained below, the Court denies the motion. All parties consented to magistrate judge jurisdiction. Dkt. Nos. 7, 14.

Johnson, a quadriplegic, alleges that he visited a hotel owned by Defendants and encountered various barriers that prevented him from fully enjoying the facilities. Dkt. No. 1. As the action asserted denial of a right of access protected by Title III of the ADA, the case fell under General Order No. 56 ("G.O. 56"). G.O. 56 requires the parties "to engage in a structured process designed to achieve early compliance with the ADA while minimizing the adversarial litigation process and concomitant fees" *Cullen v. Netflix, Inc.*, No. 11-CV-01199-EJD, 2011 WL 13177618, at \*1 (N.D. Cal. 2011) (*quoting White v. Shen*, 2011 U.S. Dist. LEXIS 2174, at \*2-3 (N.D. Cal. 2011)). It automatically stays all litigation proceedings and most discovery during an approximately five month period that starts with the filing of the complaint, runs through a joint site inspection, and ends with mandatory mediation. G.O. 56 ¶¶ 2-8. If the parties are unable to

settle the case after all that, the plaintiff then must then file an administrative motion requesting a Case Management Conference. *Id.* ¶ 8. In the meantime, "Any party who wishes to be relieved of any requirement," including the automatic stay, "may file a Motion for Administrative Relief pursuant to Civil Local Rule 7-11." *Id.* ¶ 9.

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1367. Dkt. No. 10. Defendants say dismissal is warranted because "(1) the Court lacks jurisdiction over the subject matter of its action against Defendant, (2) Plaintiff's state law claim under the Unruh Civil Rights Act substantially predominates over his federal law claim under the Americans With Disabilities Act, and (3) exceptional circumstances and compelling reasons warrant declining supplemental jurisdiction." Dkt. No. 10 at 1-2. Defendants accuse Johnson of being a high-frequency litigant, and of ducking California's more stringent pleading requirements by filing suit in federal court. *Id.* Defendants go on to ask that the Court dismiss the entire complaint, but the motion deals exclusively with whether the Court should exercise supplemental jurisdiction over the state law claim. The Court therefore understands Defendants to be arguing not that the complaint must be dismissed for lack of subject matter jurisdiction, but that the Court should exercise its discretion to decline supplemental jurisdiction over the Unruh Act claim.

Johnson filed an "objection," arguing that Defendants' motion violates the stay imposed by G.O. 56. "The defense motion should be denied until the stay is lifted or the court issues an order relieving the defense from the stay." Dkt. No. 15. The Court agrees.

Defendants' motion is not properly before the Court, as all litigation is currently stayed. G.O. 56 ¶ 2. Even if the Court construes the motion as containing within it a request for relief from G.O. 56, the Court would not lift the stay. G.O. 56 is meant to promote the rights of the disabled and minimize litigation costs for the parties. *See Cullen*, 2011 WL 13177618, at *1. The point is to save both parties the cost of litigating a motion such as this one, at least at the outset of the case. If Defendants asserted that the Court lacked subject matter jurisdiction such that dismissal was mandatory, the result might be different. Instead, Defendants ask the parties to litigate, and the Court to decide, a discretionary question of supplemental jurisdiction, even though G.O. 56 provides a (hopefully) cheaper and simpler means of resolving the issues raised by

2

Johnson's complaint.  In situations where G.O. 56 fails to live up to its goals, any party may make an administrative motion to adjust its terms, including a lift of the automatic stay.  G.O. 56 ¶ 9.

Defendants have not made a convincing showing that the stay should be lifted, or that this motion is properly before the Court, so the motion to dismiss is denied.  The denial is without prejudice to Defendants seeking to lift the stay in the future, and without prejudice to Defendants reasserting their arguments about supplemental jurisdiction once the inspection and mediation process has run its course.  In the meantime, however, all parties shall comply with General Order No. 56.

**IT IS SO ORDERED.**

Dated: March 21, 2018

HOWARD R. LLOYD
United States Magistrate Judge